---

### B. V. D. CO. v. KOMMEL et al.

(Circuit Court of Appeals, Second Circuit. November 11, 1912.)

### No. 120.

1. TRADE-MARKS AND TRADE-NAMES (§ 48*)—PROTECTION—STATUTES—CONSTRUCTION—"LABELS, MARKS, OR NAMES."

Penal Law N. Y. (Consol. Laws 1909, c. 40) § 2354, subd. 6, provides that a person who knowingly sells, offers, or exposes for sale any goods which are represented in any manner, by word or deed, to be the manufacture, packing, bottling, boxing, or product of any person, firm, or corporation other than himself, unless such goods are contained in the original package, box, or bottle and under the labels, marks, or names placed thereon by the manufacturer, is guilty of a misdemeanor. *Held*, that the words "labels, marks, or names," which the manufacturer is entitled to use on his packages, are trade-marks in which the manufacturer has a special right, or, if not technical trade-marks, those which are entitled to pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tection under similar principles, and do not include mere identifying numbers placed on the containers of the goods.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 56; Dec. Dig. § 48.*

Arbitrary, descriptive, or fictitious character of trade-marks and trade-names, see note to Searle & Hereth Co. v. Warner, 50 C. C. A. 323.]

2. TRADE-MARKS AND TRADE-NAMES (§ 95*)—IDENTIFYING MARKS—OBLITERA-TION—INJUNCTION.

Complainant was not entitled to an injunction restraining defendants from selling complainant's manufactured goods, except in original packages from which identifying numbers had not been erased, where the only proof was that defendants sold a number of boxes of complainant's goods to an uncertain number of retailers, and that complainant's identifying marks had been obliterated, without anything to show that defendants erased the marks, or that they were erased while in defendants' possession, or to negative the fact that they were erased for a legitimate purpose, or that substantial injury was threatened.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*]

Appeal from the District Court of the United States for the Southern District of New York; C. M. Hough, Judge.

Suit by the B. V. D. Company against Aaron Kommel and another, doing business as A. Kommel & Son, to restrain defendants from selling complainant's products, except in original packages, without erasing or obliterating identifying marks. From an order granting a preliminary injunction, defendants appeal. Reversed.

Dos Passos Bros., of New York City (Louis S. Posner, of New York City, of counsel), for appellants.

Hans v. Briesen, of New York City, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The District Court did not place its decision upon general equitable principles, but held that the defendants had violated a statute of the state of New York, and for that reason granted a preliminary injunction.

[1] The relevant portions of the statute in question (New York Penal Law, § 2354, subd. 6) are as follows:

"A person who * * * knowingly sells, offers or exposes for sale, any goods which are represented in any manner, by word or deed, to be the manufacture, packing, bottling, boxing or product of any person, firm or corporation other than himself, unless such goods are contained in the original packages, box or bottle and under the labels, marks or names placed thereon by the manufacturer who is entitled to use such marks, names, brands or trade-marks, * * * is guilty of a misdemeanor."

This statute has been construed by the New York courts as being a statute for the protection of the public and the owner in the use of trade-marks, and with respect to this particular provision the New York Court of Appeals, in People v. Luhrs, 195 N. Y. 380, 89 N. E. 172, 25 L. R. A. (N. S.) 473, said:

"The part thus quoted prohibits the sale of goods, protected by a lawful trade-mark, which are represented to be the manufacture of another, unless

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

they are contained in the original package and under the label placed thereon by the manufacturer. In other words it prohibits the sale of goods represented to have been made by the owner of the trade-mark, except as contained in the original package and as put up by him under his label."

So in People v. Hoffheimer, 110 App. Div. 423, 425, 426, 97 N. Y. Supp. 84, 85, the court said:

"The purpose of the statute evidently was to protect the owners of the trade-marks by making it a crime to sell or offer or expose for sale goods covered by a trade-mark owned by another unless the goods when sold or offered or exposed for sale were contained in the *package* in which they were put up by the manufacturer and had thereon the *labels, marks or names constituting the trade-mark* by which the manufacturer desired the goods to be known and introduced."

It seems clear then that the "labels, marks or names" which a manufacturer "is entitled to use" upon his packages and to which the statute refers are not mere identifying numbers. He is no more entitled to use such numbers than any other person. The marks which come within the statute are those which the manufacturer has some special right in—his trade-marks, or if not technical trade-marks those which are entitled to protection upon similar principles.

In the present case there is no contention that the complainant's trade-marks were obliterated. All that the affidavits disclose is that the defendants sold several boxes of the complainant's goods which did not bear upon the bottoms thereof certain identifying marks or numbers employed by the complainant upon its packages; apparently such numbers had been obliterated. The facts, in our opinion, fail to present a case within the statute.

[2] The ground upon which the preliminary injunction was issued not being well founded, the order must be reversed unless we are of the opinion that its issuance can be justified upon general equitable principles affording protection against fraud. No question of trademark infringement or unfair competition is involved. And while a majority of the court are not disposed to question the contention of the complainant that it might be entitled to some degree of protection in the use of identifying numbers, it is not thought that the facts presented by the affidavits make out so clear a case that the issuance of a preliminary injunction is warranted. All that appears is that defendants sold a number of boxes of the complainant's goods to an uncertain number of retailers and that the identifying marks on such boxes had been obliterated. But there is nothing to show that the defendants erased the marks or that they were erased while in their possession. There is nothing to show why the marks were obliterated or to negative the possibility that they may have been erased for a legitimate purpose. Finally there is nothing to show that substantial future injury is threatened. All these things may be established upon final hearing, but the present record is too meager.

It being impossible to sustain the preliminary injunction on the ground upon which it was issued, and the majority being unable to sustain it upon general equitable principles as applied to the facts shown, the order must be reversed with costs, and it is so ordered.